**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-6683**

CLAYTON E. YOUNG,

              Plaintiff - Appellant,

        and

WILLIAM WRIGHT,

              Plaintiff,

        v.

MARTIN O'MALLEY, Governor; SECRETARY OF PUBLIC SAFETY AND
CORRECTIONAL SERVICES; COMMISSIONER OF CORRECTIONS,

              Defendants - Appellees,

STATE OF MARYLAND,

              Debtor - Appellee.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Roger W. Titus, District Judge. (8:07-cv-
01613-RWT)

Submitted:  July 22, 2008              Decided:  July 28, 2008

Before WILKINSON, MOTZ, and SHEDD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Clayton E. Young, Appellant Pro Se.  Rex Schultz Gordon, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clayton E. Young seeks to appeal the district court's orders denying his motions to view and denying a motion to amend, which the district court construed as a motion for joinder of an additional plaintiff. We dismiss the appeal for lack of jurisdiction.

The notice of appeal of the order denying the motions to view was not timely filed. Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on November 8, 2007. The notice of appeal was filed on April 18, 2008.[*] Because Young failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.

---

[*]For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

- 3 -

We also lack jurisdiction over the district court's order denying the motion to amend the complaint. This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2000), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2000); Fed. R. Civ. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). The order denying the motion to amend is neither a final order nor an appealable interlocutory or collateral order. Accordingly, we dismiss the appeal for lack of jurisdiction.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED